## REYNOLDS-WEST LUMBER CO. v. TAYLOR.

Circuit Court of Appeals, Fifth Circuit.
December 20, 1927.

No. 5132.

1. **Master and servant** ⚙=∞286(3)—Negligence of master' in failing to maintain safe place to work is ordinarily for jury.

Care required of employer is such as is exercised by prudent employers under similar circumstances, and whether in a particular case the employer exercised reasonable care in respect to the condition of a place where an employee was required to work is ordinarily a question for the jury.

2. **Master and servant** ⚙=∞286(3)—Master's negligence in failing to maintain platform over which employee was required to pass in safe condition held for jury.

Plaintiff, in the course of his duties as an employee of defendant, was required to wheel lumber over a platform and stepping on a broken plank in the platform was thrown and injured. Planks in the platform were so frequently broken as to require frequent inspection in the exercise of ordinary care. *Held*, that the question of defendant's negligence was for the jury.

3. **Master and servant** ⚙=∞233(2)—Master, furnishing one passageway, cannot avoid liability for injury from defect by showing that enough room was left for safe passage.

Where plaintiff, in the course of his duties as employee of defendant in passing over a platform 40 feet wide, stepped on a broken plank and was injured, the fact that there was room for safe passage on either side of the broken plank *held* not to bar recovery.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by C. H. Taylor against the Reynolds-West Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William H. Watkins, of Jackson, Miss. (Watkins, Watkins & Eager, of Jackson, Miss., on the brief), for plaintiff in error.

Paul Dees, of Philadelphia, Miss., and Marion W. Reily, of Meridian, Miss. (Reily & Parker, of Meridian, Miss., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendant in error to recover damages for personal injuries sustained while he was acting as an employee of the defendant in error. The parties are herein referred to by their designations in the trial court. The plaintiff's duties as an employee included feeding lumber to a molding machine and moving lumber to that machine from a rough shed over an elevated platform or dock, by means of a two-wheeled vehicle called a dolly or buggy. The plaintiff charged that he was injured as a result of a broken plank in the floor of the platform giving way under him as he was going from the molding machine towards the rough shed to get lumber to be fed to the machine, and that injury was caused by the defendant's negligence in failing to keep the passageway in safe condition. Evidence adduced tended to prove the following:

As plaintiff was going with another employee in the daytime from the molding machine to the rough shed to get lumber to be moved to such machine, he stepped on a broken plank in the floor of the platform with the result that he fell and four of his ribs were broken. The plaintiff saw that broken plank a couple of days before he stepped on it and fell. In going from the machine towards the rough shed, he momentarily forgot or was unmindful of that defect in the platform floor. Planks in that platform were frequently broken by loaded dollies moving over them. When a break occurred the defect could be quickly remedied by removing the broken plank and putting another plank in its place. The distance over the platform from the molding machine to the rough shed was about 40 steps. The width of the platform between the side the machine was on and the side the rough shed was on was about 40 feet. Plaintiff could have avoided danger from the broken plank by keeping away from it in going over the platform from the machine to the rough shed. The defendant excepted to the refusal of the court to direct the jury to find in favor of the defendant, and to give the following instruction requested by the defendant:

"You are instructed that, although you may believe that there was a defective plank in the platform, still, if you believe from the evidence that the plaintiff had a perfectly safe way of going to the dry shed without stepping on said plank, and that he unnecessarily walked over and upon said plank when he had a perfectly safe way to walk, and by which he could have avoided injury, you will return a verdict for the defendant."

The defendant excepted to the following part of the court's charge to the jury:

"In determining whether or not the defendant used reasonable care to maintain a reasonably safe place for the plaintiff to work, you should take into consideration the

nature of the duties to be performed by the plaintiff for the defendant, and the different places he was required to go or be, and the condition of the way along which he would travel in passing from one point to another in performing the duties required of him, and while passing from one point to another in the performance of such duties, the plaintiff was not required to pursue the most direct route, but he had the right to travel over and along any portion of the way made and provided for such travel."

There was judgment for plaintiff in the sum of $1,500, based on a verdict in his favor for that sum. The court's charge to the jury contained the following:

"The plaintiff was under the duty to use reasonable care to protect himself, and if you believe with the exercise of reasonable care plaintiff could have avoided stepping on the said plank, and that he was guilty of negligence in doing so, although you might return a verdict for the plaintiff, it would be your duty to deduct from his recovery that portion of the damages attributable to his own negligence."

Under the Mississippi statute the contributory negligence of an injured person does not bar a recovery, but requires that damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured. Hemingway's Annotated Mississippi Code 1927, § 516. In view of the nature of the injury and its consequences, which evidence adduced tended to prove, the amount of the verdict indicates that the jury found that plaintiff was guilty of contributory negligence, and that the damages to be awarded were diminished because of such contributory negligence.

[1, 2] Evidence adduced was such as to furnish support for findings that the breaking of planks in the platform was such a frequent occurrence that the exercise by the defendant of reasonable care to maintain the platform in safe condition for the use of its employees called for frequent inspections, and that but for a failure to exercise reasonable care in that regard the broken plank would have been discovered by defendant in time to remedy the defect before plaintiff was injured. The care required of the employer is such as is exercised by prudent employers under similar circumstances, and whether in any particular case the employer has exercised reasonable care in respect to the condition of a place where employees are required to perform services is ordinarily a question for the jury's determination. 18 R. C. L. 594. We are of opinion that under the evidence it was open to the jury to find that the defendant was chargeable with negligence in failing to discover and remedy the defect in the platform before plaintiff was injured in consequence of the existence of that defect, and that the court did not err in refusing to direct a verdict in favor of the defendant.

[3] The evidence showed that the platform was a passageway furnished by defendant for use by the plaintiff in the performance of his duties. The evidence did not show that in going from the molding machine to the rough shed the plaintiff was required or expected to follow a route different from the one he was following when he was hurt. At most, plaintiff's failure to avoid a known danger in the one passageway furnished for his use was contributory negligence, and was not a use of a dangerous passageway, when a different and safe one was furnished for his use. One who is under a duty to furnish a safe passageway, and furnishes only one passageway, cannot escape liability for a negligent failure to maintain that one passageway in safe condition by showing that, notwithstanding the existence of the dangerous defect, enough room was left for a safe passage by one who was mindful of the danger and could avoid it.

One using a sidewalk or other way provided for his use may be guilty of negligence in failing to avoid a dangerous defect negligently permitted to remain therein, but the fact that enough of the way remains in good condition for a safe route over it to be available cannot properly be given the effect of converting the one way into two, one safe and the other dangerous, with the result that the party responsible for the condition of the way is under no duty to one who in using the one way failed to select a safe route over it. As applied to the evidence in the instant case the effect of the above set out refused instruction was to require a verdict for the defendant, if the plaintiff was guilty of contributory negligence in using the one passageway furnished for his use. What has been said indicates the grounds of the conclusions reached that the court did not err in refusing to give that instruction, or in giving the above set out part of its charge to the jury.

The record shows no reversible error. The judgment is affirmed.